---

(No. 11063.—Reversed and remanded.)
ALBERT ROSENBAUM *et al.* Appellants, *vs.* BERTHA HUEBNER *et al.* Appellees.

*Opinion filed February 21, 1917—Rehearing denied April 5, 1917.*

1. FRAUD—*conveyance in fraud of creditors is void as to creditors but binding on the parties.* A transfer of property made in fraud of creditors is void as to such creditors but is binding on the parties to it and those in privity with them and cannot be set aside at the suit of the grantor.

2. SAME—*equity will not aid grantor who has conveyed property to his children to defraud creditors.* A court of equity will not aid a grantor who has conveyed his property to his children to defraud creditors, by declaring a resulting or constructive trust but will leave the parties where it finds them and allow the children to partition the land among themselves.

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

CHARLES H. LEECH, and SAMUEL B. HILL, for appellants.

THEODORE JOHNSON, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Cook county denying partition of real estate in said county described as lot 69 in McCormick's subdivision of block 3 in Walker's subdivision of the northeast quarter of section 25, town 39, north, range 13, east of the third principal meridian, and known as No. 2659 West Twenty-second place, Chicago, Illinois.

The original bill was filed by Albert Rosenbaum and his wife, Susie Rosenbaum, and alleged Otto Huebner and Bertha Huebner, his wife, by quit-claim deed dated November 6, 1913, conveyed their right, title and interest in the above described property to Bertha Huebner, Millie Rosenbaum Schultz and Albert Rosenbaum, and alleged said Albert Rosenbaum and his wife (hereafter called appellants) are entitled to a one-third part in said premises, subject to a $5000 trust deed on said property, given by Christian Rosenbaum when he was the owner of said property to secure the payment of a promissory note for $5000, dated May 13, 1911. The bill alleges Bertha Huebner and Millie Rosenbaum Schultz instituted forcible entry and detainer proceedings in the municipal court of Chicago on February 3, 1916, to oust appellants, who lived in the property. The bill prays that the property be partitioned among the parties, and in case the same is not divisible asks that it be sold and the proceeds divided according to the rights of the parties, and asks that Bertha Huebner and Otto Huebner, her husband, Millie Rosenbaum Schultz and William Schultz, her husband, and Christian Rosenbaum, be made parties defendant to the bill.

Bertha Huebner and husband and Millie Rosenbaum Schultz and husband answered the bill, admitting the execution of the deed by Bertha Huebner and Otto Huebner dated November 6, 1913, conveying all their right, title and interest in the premises to Bertha Huebner, Albert Rosenbaum and Millie Rosenbaum Schultz; admitting the real estate is subject to a trust deed to secure an indebtedness of $5000, but denying that appellants and Bertha Huebner and Millie Rosenbaum Schultz are seized of the premises in fee simple or that appellants have any interest in or are entitled to partition of the premises.

Christian Rosenbaum (hereafter called appellee) answered the bill. He denied that either appellants or Bertha Huebner or Millie Rosenbaum Schultz was seized in fee of the premises in controversy or any part thereof and alleged he was the sole owner; that he acquired title by deed dated May 21, 1910, and took possession immediately thereafter and has held possession ever since; that for convenience he executed a quit-claim deed to Otto Huebner on October 4, 1913, who by virtue of said deed and by agreement with appellee held the legal title for appellee and promised to convey the premises upon demand of appellee. The answer avers that thereafter appellants persuaded appellee to have said Otto Huebner execute a quit-claim deed to Bertha Huebner, Albert Rosenbaum and Millie Rosenbaum (now Millie Schultz) upon the pretense that should appellee die leaving the title in Otto Huebner then said Bertha Huebner, Albert Rosenbaum and Millie Rosenbaum Schultz might not receive the share in the premises they would be entitled to and would receive if the title were in appellee; that such conveyance was made by Otto Huebner and wife to Bertha Huebner, Albert Rosenbaum and Millie Rosenbaum Schultz, the appellants knowing of the agreement of Otto Huebner to hold the legal title for appellee and convey the same upon demand; that to procure appellee to have Otto Huebner execute said deed of November 6, 1913, appellant

Albert Rosenbaum, together with Bertha Huebner and Millie Rosenbaum Schultz, expressly agreed to hold the legal title for the sole and exclusive benefit of appellee and to re-convey the premises to appellee upon demand; that at the time of the execution of the deed, November 6, 1913, appellant Albert Rosenbaum was a tenant occupying an apartment in said premises, and that the relation of landlord and tenant between appellee and appellants has never changed; that appellee has paid all taxes and assessments since 1910; that he has collected rents from the different tenants occupying the premises, and that appellant Albert Rosenbaum was not pressed for rent because he pleaded his inability to pay rent. The answer admits the execution and delivery of the trust deed and avers appellee has paid the interest thereon; denies the appellants come into court with clean hands, and denies they have any interest in the premises entitling them to partition. Appellee also filed a cross-bill, which alleged that prior to October, 1913, a suit was brought against him for damages which is still pending and undetermined; that after the commencement of said suit appellee consulted with his children and was advised that it would be proper for him to convey his property to Otto Huebner, which he did for convenience. Otherwise the cross-bill set up and relied upon substantially the same facts set up in the answer, and prayed that the court find Albert Rosenbaum, Bertha Huebner and Millie Rosenbaum Schultz hold the legal title to the premises for the benefit of appellee and decree the execution and delivery of a deed by said parties to appellee; that Albert Rosenbaum be decreed to vacate the premises, and that the court find that neither Bertha Huebner, Albert Rosenbaum nor Millie Rosenbaum Schultz, nor anyone claiming by or through them, has any right, title, claim or interest in or to the premises, and asked for general relief.

Appellants filed an answer to the cross-bill, admitting a suit was brought against appellee for the violation of a mar-

riage contract and that such suit is pending; denied they persuaded appellee to transfer his property at any time; pleaded the Statute of Frauds to the contract or express trust the cross-bill alleged they entered into with appellee; denied they conspired to secure title to the premises; denied they had any notice of the conditions upon which the title was conveyed by Otto Huebner to Bertha Huebner, Albert Rosenbaum and Millie Rosenbaum Schultz, and averred that under such deed they acquired a one-third interest in the premises, and averred appellee did not come into court with clean hands.

Upon the cause being put at issue it was heard, and the court found appellee purchased the premises in 1910 for $1300 and improved the same with an apartment building costing $12,000, which is incumbered by a $5000 trust deed; that appellee has collected all rents; that he is the father of Bertha Huebner and Albert Rosenbaum and the father-in-law of Millie Rosenbaum Schultz, the widow of a deceased son; that on or about October 4, 1913, appellee, his two children and daughter-in-law consulted in regard to a certain suit then pending against appellee, and that pursuant to such consultation and the oral promises of Albert Rosenbaum, Bertha Huebner, Otto Huebner and Millie Rosenbaum Schultz, appellee executed the quit-claim deed to Otto Huebner dated October 4, 1913; that on November 6, 1913, pursuant to further oral agreements or promises of Albert Rosenbaum, Bertha Huebner and Millie Rosenbaum Schultz to hold title for appellee and convey it to him upon demand, appellee caused Otto Huebner to convey the premises by deed to Bertha Huebner, Albert Rosenbaum and Millie Rosenbaum Schultz; that no money consideration was paid by Otto Huebner for the deed to him nor was any money paid by the grantees in the deed of November 6, 1913; that when the deeds were executed appellee was living with appellants under an arrangement by which appellee received his board in exchange for the free use of

the apartment given appellants, which agreement was entered into in March, 1913, and continued until October, 1914; that the relations existing between the parties during the months of October and November, 1913, were friendly and fiduciary and such as ordinarily exist between parent and children, and that when the deed dated November 6, 1913, was made, Bertha Huebner, Albert Rosenbaum and Millie Rosenbaum Schultz agreed to re-convey the premises to appellee upon demand. The decree finds that because of the confidential relationship existing between appellee and Bertha Huebner, Albert Rosenbaum and Millie Rosenbaum Schultz at the time of the execution of the deed of November 6, 1913, a resulting or constructive trust was created, and that said Bertha Huebner, Albert Rosenbaum and Millie Schultz have no right, title or interest in said premises except as trustees. It dismissed the bill for want of equity and granted the prayer of the cross-bill, ordered a deed executed conveying the premises to appellee within twenty days, and ordered the appellants to surrender the premises within the same time. From such decree this appeal is perfected, and in our view of the case it will be necessary to notice but one of the grounds urged for a reversal of this decree.

We think the conclusions justified by the evidence are that appellee, Christian Rosenbaum, was the owner of the premises in dispute and was living in one apartment of the same at the time the deeds in controversy were executed. He was a widower, and some time previous to the execution of the deed to Otto Huebner a suit for damages had been filed against him in Cook county. He had conferences with his children, or some of them, and it was thought advisable to convey the premises in controversy to his son-in-law, Otto Huebner, which he did October 4, 1913, with the understanding and agreement that the property would be re-conveyed to him upon demand. Shortly thereafter it was suggested to appellee that should he die leaving the

title to the premises in Otto Huebner the children of appellee might not get their share of it, and it was agreed that Otto Huebner convey the premises to Albert Rosenbaum and Bertha Huebner, the children of appellee, and Millie Rosenbaum Schultz, widow of a deceased son of appellee, which was accordingly done November 6, 1913, with a like understanding and agreement on the part of the grantees to re-convey the premises to appellee upon demand.

The deed made by appellee to Otto Huebner after consulting with his children was made for the purpose of placing the property beyond the reach of a possible judgment creditor, there being at the time a suit pending against appellee which appears to have been giving him and his immediate family some concern and which appears to have not yet been terminated. The purpose or intent of this conveyance was not to benefit the grantee but was for the protection of the property against a judgment which might be recovered against appellee. The conveyance a month later, November 6, 1913, from Otto Huebner to the two children and the daughter-in-law of appellee was in furtherance and a part of the same scheme to keep the property of appellee beyond the reach of a judgment creditor. A transfer of property made in fraud of creditors is void as to such creditors but is binding on the parties to it and those in privity with them and cannot be set aside at the suit of the grantor. In *Jolly* v. *Graham,* 222 Ill. 550, the children of Graham sought partition of property alleged to have belonged to him in his lifetime. The property had been transferred by the father to his mother, and by her, at his request, to a sister, Mrs. Jolly, for the purpose of defeating the rights of Graham's wife in the property should she sue him for separate maintenance or divorce and alimony. This court said (p. 554): "We are also convinced that the sole object and purpose of the grantor, Charles H. Graham, in making the deed to his mother and afterwards consenting that the property should be conveyed to his sister was for

the purpose of cheating and defrauding his wife. This being true, the conveyances became binding upon the grantor, Charles H., and all parties in privity with him. Having conveyed the property for the fraudulent purpose of defeating the rights of his wife the law will leave him where he placed himself. Both his mouth and that of his heirs are closed to question the validity of the conveyances. (*Miller* v. *Marckle,* 21 Ill. 152; *Kirkpatrick* v. *Clark,* 132 id. 342; *Jones* v. *Jones,* 213 id. 228.) The law will not permit a party to deliberately put his property out of his control for a fraudulent purpose, and then, through the intervention of a court of equity, regain the same after his fraudulent purpose has been accomplished."

It is a well settled doctrine that where a conveyance has been made for the purpose of hindering, delaying or defrauding creditors of a grantor, or where anticipated danger of litigation or criminal prosecution has influenced the conveyance, equity will not interpose to restore to the grantor or his heirs the title to the property so conveyed. (*McElroy* v. *Hiner,* 133 Ill. 156; *Dorman* v. *Dorman,* 187 id. 154; *Brady* v. *Huber,* 197 id. 291; *Graham* v. *Townsend's Estate,* 62 Neb. 364; 2 Pomeroy's Eq. Jur. sec. 973.) Applying the rule established by the foregoing authorities, appellee was not entitled to the relief sought by his cross-bill. The court erred in dismissing the original bill and granting the relief prayed in the cross-bill. Because of the fraud which prompted appellee to make or have made the two conveyances, equity will leave the parties where it finds them and where they have placed themselves. *Dunning* v. *Bathrick,* 41 Ill. 425; *St. Louis, Jacksonville and Chicago Railroad Co.* v. *Mathers,* 71 id. 592; *Compton* v. *Bunker Hill Bank,* 96 id. 301; *Fast* v. *McPherson,* 98 id. 496.

The decree of the circuit court is reversed and the cause remanded, with directions to dismiss the cross-bill and grant the prayer of the original bill.

*Reversed and remanded, with directions.*