(No. 13028.—Cause transferred.)
THE FIRST NATIONAL BANK OF NEWTON, Appellee, vs.
KATHERINE E. HAYES et al. Appellants.

*Opinion filed June 16, 1920.*

APPEALS AND ERRORS—*when no freehold is involved in suit to set aside deed.* In the absence of any question of homestead no freehold is involved in a suit by a creditor to set aside a certain conveyance as in fraud of creditors and to have its judgment made a lien on the land, as payment of the judgment or redemption from any sale of the land thereunder will relieve the land from the lien, and the title in such case will not be changed or affected.

APPEAL from the Circuit Court of Jasper county; the Hon. WILLIAM B. WRIGHT, Judge, presiding.

ALBERT E. ISLEY, for appellants.

FITHIAN & KASSERMAN, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Appellee, the First National Bank of Newton, Illinois, filed a bill in chancery in the circuit court of Jasper county against appellants to set aside a warranty deed from Katherine E. Hayes to her daughter, Leona Worthy, to certain land in Jasper county. The bill alleged that said conveyance was made with intent to defraud appellee and other creditors; that the same was without any valuable consideration; that a certain judgment against appellant Katherine E. Hayes in favor of appellee is a lien upon the land; and that Katherine E. Hayes has no personal property or real estate subject to levy and sale under execution except the land so fraudulently conveyed. The prayer of the bill is that the deed be set aside as to appellee and that execution may be issued on the judgment and the land be levied on and sold by virtue thereof to satisfy the judgment. The answer of appellants denies that appellee has any valid judg-

ment that is a lien on said land; alleges the deed was executed in good faith and for a valuable consideration, and that at the time of the making of the deed the land was occupied by Katherine E. Hayes as a homestead. The court rendered a decree in favor of the appellee for the sum of $2297.24, to be paid within sixty days, and that in default of such payment the deed be set aside except as to the homestead right of Katherine E. Hayes, and that the remainder of the land be sold to satisfy the judgment. There is no question concerning homestead rights here.

Appellee has questioned by its briefs and argument the jurisdiction of this appeal by this court and insists that the cause should be transferred to the Appellate Court. There is no question involved which would confer jurisdiction upon this court unless a freehold is involved. Clearly, no freehold is involved. The real questions involved are whether or not the judgment is a valid and subsisting judgment, whether or not the conveyance was fraudulent or *bona fide* and for a valuable consideration, and whether or not the judgment is or should be declared to be a lien on the land. If these issues are decided against appellants, payment of the judgment or a redemption from any sale of the land thereunder would relieve the land from the lien, and the title to the land in such case would not be changed or affected. No freehold is involved for those reasons. *Conkey* v. *Knight,* 104 Ill. 337; *Clement* v. *Reitz,* 103 id. 315; *Danziger* v. *Pittsfield Shoe Co.* 204 id. 145.

The point made by appellee that this court has no jurisdiction of this appeal is well taken. It will therefore be transferred to the Appellate Court for the Fourth District.

*Cause transferred.*