(No. 19426.—

MARY SCANLON, Appellant, *vs.* ASA BEEBE *et al.* Appellees.

*Opinion filed June 19, 1929.*

FRANK J. BURNS, and JAMES T. BURNS, for appellant.

MILLER & STREETER, for appellees.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Mary Scanlon, appellant, filed in the circuit court of Kankakee county a bill in the nature of a creditor's bill, to which appellees, Asa Beebe, Mark Beebe, Edgar Legg, executor, and the First Trust and Savings Bank of Kankakee, were made parties defendant. After a hearing before the court appellant's bill was dismissed for want of equity, and her appeal is direct to this court.

The allegations in the bill of complaint are substantially the following: Appellant recovered a judgment against appellee Asa Beebe in the sum of $800 in the circuit court of Kankakee county in a suit for personal injuries, in which suit Mark Beebe, the father of Asa Beebe, was a co-defendant. The court directed a verdict in that suit for Mark Beebe. Several executions had been issued to recover the judgment, all of which were returned by the sheriff not satisfied. Since the rendition of the judgment Asa Beebe came into possession of $3000 as a "devisee" under the will of Lyman C. Mellen. Appellant by garnishment proceed-

ings recovered only $327.38 of said $3000 because Asa Beebe had "contrived or pretended" to have received all of said sum from the executor except the sum of $327.38. There is still due appellant on the judgment the full amount thereof, with interest, less $327.38. With the amount that was received from the executor, about $2700, a business known as the Rogers Auto Supply Store was purchased. Asa Beebe is owner or interested in the business conducted in the name of the Rogers Auto Supply Company, which business was bought from one Rogers by Mark Beebe for his son, Asa Beebe, with the money obtained by the latter from the executor under the Mellen will, but Mark Beebe pretends to be the owner of said business for the purpose of defeating the collection of appellant's judgment. On June 9, 1926, one Cooley made a warranty deed to Mark Beebe to a house and lot in Kankakee which really belongs to Asa Beebe. The purpose of having the deed made to Mark Beebe instead of Asa Beebe was to evade the enforcement of the judgment against Asa Beebe. Asa Beebe took possession of the house and lot immediately after its purchase and has lived thereon ever since. The defendants the First Trust and Savings Bank and Edgar Legg, executor, may have in their possession property belonging to Asa Beebe or information relating to the Rogers Auto Supply Company, "alias Asa Beebe." The prayer of the bill is for discovery and that appellees be required to answer interrogatories propounded in the bill, that appellant's judgment be satisfied out of property found to belong to Asa Beebe, and that appellees be required to pay appellant's judgment, and for general relief.

Appellant suggests no ground upon which this court may take jurisdiction of this appeal, and there is no issue or question in this case that this court has jurisdiction to decide on a direct appeal. No freehold is involved. A bill to set aside a conveyance as in fraud of creditors for the purpose of subjecting the lands to a lien for the payment

of money does not involve a freehold. For a freehold to be involved so as to authorize a direct appeal to this court the litigation must necessarily result in the loss of a freehold, and where a defendant may defeat the suit and prevent the disturbance of his title by making payments or doing some act to arrest the sale a freehold is not involved. *Dunlap* v. *Myers,* 325 Ill. 398; *Clark* v. *Ball-Bearing Manf. Co.* 323 id. 579; *Coutre* v. *Ermel,* 315 id. 361; *Fairbanks* v. *Carle,* 217 id. 136.

The cause is transferred to the Appellate Court for the Second District.

*Cause transferred.*