(No. 21488.— )

CHARLES C. WILLSON, Receiver, Appellant, *vs.* IRVING U. LABHART *et al.* Appellees.

*Opinion filed October 22, 1932.*

CONRAD SCHUL, and CURTIS WILLIAMS, for appellant.

JUNE C. SMITH, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal from a decree of the circuit court of Jefferson county dismissing for want of equity the bill of appellant seeking to set aside a transfer of certain stock of the Jefferson State Bank of Mt. Vernon and to cancel a mortgage on certain described real estate and subject the property to the claims of the appellant, as receiver for the Jefferson State Bank of Mt. Vernon.

The bill alleges that Lewis C. Morgan died on the fourth day of April, 1931, indebted to the bank in the sum of $8591; that he was, and had been for many years, the owner of seventy shares of the capital stock of the bank; that on December 16, 1930, he was the owner of certain described real estate and on that date executed a pretended note and mortgage to his son-in-law, appellee Labhart, for the sum of $10,000, which mortgage was filed for record on December 18, 1930, and that at that time Labhart exe-

cuted to Morgan a pretended transfer of ten shares of stock of said bank. The bill also alleges that for many years Morgan had been director of this bank and was such director at the time the bank closed its doors, on December 18, 1930, and that Labhart transferred the stock to Morgan, who was then insolvent, for the purpose of avoiding financial responsibility thereon. The bill alleges such mortgage and transfer were in fraud of the rights of appellant and creditors of the bank, and prays that the note, mortgage and transfer be canceled as against the rights of creditors and that the title to the real estate be declared to be in appellant for the use and benefit of the creditors of the bank. An amendment to the bill averred that on November 1, 1926, Morgan conveyed certain described real estate to Labhart for a pretended consideration of $8000 but which transfer was in fact without consideration, and prayed that said property be declared to be subjected to the rights of the creditors of the bank, as prayed in the original bill.

The questions raised in this case do not involve a freehold or other question giving this court jurisdiction to consider the cause on direct appeal. The bill is, in effect, a creditor's bill seeking a decree fixing title to the bank stock in appellee Labhart for the purpose of subjecting him to a stockholder's liability and that the title to the real estate be decreed to be in Morgan and subjected to the payment of his debts. It has long been the rule in this State that a bill filed by a judgment creditor to set aside as fraudulent a conveyance made by a debtor and to subject the conveyed land to the judgment does not involve a freehold. (*Coutre* v. *Ermel,* 315 Ill. 361; *Fairbanks* v. *Carle,* 217 id. 136; *First Nat. Bank* v. *Vest,* 187 id. 389; *Hupp* v. *Hupp,* 153 id. 490.) To give this court jurisdiction a freehold must be directly, and not collaterally, involved. (*Lederer* v. *Rosenston,* 329 Ill. 89; *Town of Mattoon* v. *Elliott,* 259 id. 72.) The test to be applied to determine whether

a freehold is involved has been so frequently announced by this court that it is unnecessary to re-announce it here. (*Scanlon* v. *Beebe*, 335 Ill. 400; *Dunlap* v. *Myers*, 325 id. 398; *Clark* v. *Ball-Bearing Manf. Co.* 323 id. 579; *Burroughs* v. *Kotz*, 226 id. 40.) While the jurisdiction of this court has not been questioned either by motion or in the briefs, yet it is incumbent upon this court, when it appears that it has no jurisdiction, to transfer the cause without regard to the wishes of the parties. *Duncanson* v. *Lill*, 322 Ill. 528.

The cause is transferred to the Appellate Court for the Fourth District. *Cause transferred.*