**FORD v. CASPERS.**

No. 7913.

Circuit Court of Appeals, Seventh Circuit.

June 17, 1942.

Joseph L. McNab, Samuel S. Holmes, Albert S. Long, Allan W. Cook and Joseph T. Scott, all of Chicago, Ill., for appellant.

Warren Canaday and Hirsch E. Soble, both of Chicago, Ill., for appellee.

Before EVANS, SPARKS, and MAJOR, Circuit Judges.

MAJOR, Circuit Judge. ·

This is an appeal from a judgment, entered September 10, 1941, dismissing plaintiff's complaint for want of equity. The suit was brought for an accounting against the defendant, a Chicago real estate broker. The court below rendered an opinion in connection with its findings of fact and conclusions of law. The latter are published in connection with the opinion. Ford v. Caspers, D.C., 42 F.Supp. 994, 997.

Inasmuch as the contentions of the respective parties, as well as the evidence offered in support thereof, are aptly stated and discussed by the court below, we see no occasion to reiterate them in detail. Briefly, plaintiff, a resident of Indiana, owned numerous parcels of real estate in Chicago, as well as in Indiana and Florida. In 1933, plaintiff was in financial difficulty, largely on account of a bonded indebtedness past due upon certain Chicago real estate. In April of that year he consulted the defendant concerning the situation and employed him for the purpose of extricating himself therefrom. From that time until sometime in 1939, a course of dealing was had between the parties, which plaintiff contends constituted a fiduciary relationship. At any rate, during the progress of the matter, defendant acquired title to certain of plaintiff's property which he later sold. It is the profits derived therefrom for which an accounting is sought in the instant case.

Defendant contends here, as he did in the court below, that the parties deliberately planned a scheme to defraud plaintiff's creditors, especially the bondholders, and that in the execution of this scheme, plaintiff conveyed all of his real estate so as to prevent the bondholders and other creditors from collecting on any deficiency judgment which might be rendered.

Defendant's theory was sustained by the lower court. The court found, among other things:

"Plaintiff and defendant did then, or shortly thereafter, devise a scheme of hindering, delaying, and defrauding the bondholders from collecting against plaintiff on the bonds. Plaintiff executed deeds drawn by defendant conveying all of plaintiff's real estate, in Illinois, Indiana and Florida, including the Wau-Bun property,.

to his daughters and their husbands residing in Indiana. Those deeds were recorded. At or about the same time, other deeds drawn by defendant and executed by the said nominees, reconveying the same properties to plaintiff and his wife, were taken back by plaintiff. The latter deeds were not recorded. Plaintiff was not indebted to his daughters or their husbands.

\* \* \* \* \*

"Plaintiff knew what was going on, and that he was engaged in a shady transaction.

"Plaintiff and defendant set out in 1933 to do an unlawful act, to-wit: to hinder, delay and defraud creditors of the plaintiff and to make a mockery of the processes of a local Court of Chancery that was later to adjudicate the issues involved in the foreclosure suit on the Wau-Bun property, and they accomplished it. The plaintiff's fraud in this transaction extends right down through the entire history of his dealings with the defendant, and with his bondholders." (See Ford v. Caspers, supra, for complete findings.)

The evidence in support of such findings is discussed in the court's opinion. Without repetition, it is sufficient, so we think, to state that we have read it, including the correspondence and telegrams which passed between the parties, and are satisfied the findings of the court, particularly those above set forth, are substantially supported. In fact, we are of the view that the evidence strongly preponderates in favor of such findings. We therefore are obliged to accept them.

The court concluded, as a matter of law: "Where two or more persons engage in a fraudulent transaction to injure another, neither law nor equity will interfere to relieve either of those persons as against the other from the consequences of their own misconduct."

We agree this is a proper legal conclusion and that it is applicable to the facts of the case. We would not pursue the matter further—in fact, we would adopt the opinion of the lower court—except it appears that this is a matter for the application of local law and there is nothing in the court's opinion to indicate this is the rule in Illinois. We think it is. Plaintiff relies strongly upon Herrick v. Lynch et al., 150 Ill. 283, 37 N.E. 221, as sustaining his theory of the case. The gist of the holding in this case is stated in a headnote, thus:

"2. Equity will not tolerate the idea that an attorney may make use of his peculiar power over his client to procure a contract which is illegal and contrary to public policy, and to then invoke the aid of the law to enable him to retain that which he has obtained through his fraudulent artifices."

Assuming this is a correct pronouncement, it is of no benefit to the plaintiff in the instant case because it is not applicable to the facts as found. In the Herrick case, the court recognized the rule applicable to the facts of the instant case in a statement on page 288 of 150 Ill., on page 223 of 37 N.E.: " \* \* \* We do not think, however, that, under the circumstances, there should be an application of that rule of equity which denies relief to one party against another when both have been engaged in a fraudulent transaction. The parties were not in pari delicto. \* \* \*"

There are a number of Illinois cases recognizing the rule that relief will not be afforded where the parties are in pari delicto. Brady v. Huber, 197 Ill. 291, 297, 64 N.E. 264, 90 Am.St.Rep. 161; Rosenbaum v. Huebner, 277 Ill. 360, 367, 115 N.E. 558, and Duncan v. Dazey, 318 Ill. 500, 525, 149 N.E. 495.

The judgment of dismissal is affirmed.