Rose Paris, Appellee, v. David Morris et al.,
Defendants.
Appeal of David Morris, Appellant.

Gen. No. 44,072.

Opinion filed May 19, 1947. Rehearing denied June 3, 1947. Released for publication June 3, 1947.

PRITZKER, PRITZKER & CLINTON, and HERSHENSON & HERSHENSON, all of Chicago, for appellant.

Samuel S. Siegel and Erwin M. Pearl, both of Chicago, for appellee.

Mr. Justice Feinberg delivered the opinion of the court.

Plaintiff filed her complaint in the superior court of Cook county against the defendants, to set aside certain conveyances of several parcels of real estate, previously owned and purchased by Moses P. Morris, who died intestate on September 27, 1943, and for the appointment of a receiver for said parcels of real estate and an injunction against certain of these defendants to restrain them from conveying said parcels of real estate, and for an accounting as to rents, issues and profits. Defendants David and Shirley Morris filed a petition in the nature of a motion to strike the bill of complaint and to dismiss the suit on the ground that plaintiff stated no cause of action against them. The hearing was had upon the petition and the bill of complaint. The chancellor entered an order denying the petition; an order appointing a receiver for the real estate; and an injunction against the defendants *pendente lite,* restraining them from making any transfers of any of the said real estate, from which orders defendant David Morris appeals.

If, as contended by this defendant, the bill of complaint, seasonably challenged by this petition, does not state a cause of action entitling the complainant to any of the relief prayed for, then it follows that the orders denying the petition to dismiss the complaint, appointing a receiver and issuing an injunction, cannot stand. The questions presented for determination must be decided from the averments of the complaint.

The lengthy complaint in this case, consisting of approximately 35 pages, in substance alleges, so far as they are pertinent to the questions here presented, that plaintiff and the defendants, David, Abraham and Benjamin Morris, who are her brothers, the children of

Moses P. Morris, deceased, and Sarah Morris, their mother, the surviving widow of said deceased, are all heirs-at-law of said deceased; that deceased during his lifetime and over a period of years, solely from his own earnings, purchased several parcels of real estate, more particularly described in said complaint, five in number, alleged to be valuable; that at the time of his death, he was 68 years of age; that after the acquisition of parcels 1, 2 and 5, described in said complaint, and prior to the acquisition of parcels 3 and 4, *the decedent became involved in certain and sundry financial dealings, ventures and contingent liabilities;* that being interested in the welfare of his wife and all of his children, including the plaintiff, he repeatedly and continuously declared to this plaintiff and the defendants that he was desirous of setting up or *manipulating* the nominal ownerships of his real estate holdings and ownings, including the five parcels, in such manner or form as would "minimize the possibilities of the loss or impairment thereof through their possible appropriation or jeopardy by other persons by virtue of his dealings, ventures and contingent liabilities"; that in the event of his death all of said property and interests should be shared and divided equally among his wife and all of his children; that in furtherance of said "intentions, aims, desires and directions of said decedent," as above set forth, the decedent, subsequent to the acquisition of said parcels of real estate, manipulated or directed in the manipulation of the titles thereof in such form or manner as would vest the nominal titles and the indicia of ownership thereto in three of his said sons, David, Abraham and Benjamin Morris. The manner in which he made the conveyances and the circuitous method adopted and set forth in the complaint, we deem it not necessary to point out in detail. The effect of all of it was to place in David, Abraham and Benjamin the titles and control of said parcels of real estate. The bill also alleges that with

respect to one of the parcels of real estate, the said David Morris and his wife Shirley sold the same to one William E. Bower and Margaret Bower, defendants; that they appropriated the proceeds of said sale and have refused to account for same; that the sale was a fraudulent scheme and design to defraud the plaintiff and the other heirs of their equal share.

A careful reading of the averments in this complaint clearly shows that the devious ways planned and schemed by said deceased to place the titles ultimately in his sons, the defendants herein, were for the purpose of hindering, delaying or defrauding his creditors. The pleading alleges that the decedent, at the time of these conveyances by him, became involved in contingent liabilities, and that his purpose and intent in making these conveyances was to minimize the possibility of the loss or impairment of his holdings through their possible appropriation and jeopardy by other persons by virtue of his contingent liabilities.

It has been the settled rule in equity in this State that the law will not permit a person to deliberately put his property out of his control for a fraudulent purpose, or permit those in privity with him to do so, and then assist either through the intervention of a court of equity in regaining the same after such fraudulent purpose has been accomplished. *Creighton v. Elgin,* 395 Ill. 87, 101. At page 103, the court said:

"It is equally clear that if Mrs. Creighton delivered the deed for the purpose of divesting the title out of her name and vesting it in John and Edward, for the purpose of placing such property beyond the reach of her creditors, she could not now claim that the deed was not delivered. The same rule applies to *her heirs and devisees* who now claim the property, and who are in no better position than she would be in." (Italics ours.)

To the same effect, *Jolly v. Graham,* 222 Ill. 550. The same rule, so announced, was applied in

*Rosenbaum v. Huebner,* 277 Ill. 360, wherein a conveyance of real estate was made for the fraudulent purpose of placing the property out of the control of the grantor, under circumstances where the grantor was threatened with a suit for breach of promise. Such a claim certainly was a contingent liability yet the announced rule of law was applied in the case cited.

The complainant in the instant case, under the averments of her bill of complaint, which, with commendable candor, reveals the intent and purpose of the deceased in making the conveyances in question, is in no better position to claim a recovery of the property as the heir of Moses P. Morris than the deceased himself, were he alive and sought to regain the title and control of these properties.

It necessarily follows that the complaint failed to state any grounds for equitable relief against these defendants, and the petition seeking a dismissal of the complaint should have been allowed. The court had no right to appoint a receiver or grant an injunction upon the averments of this complaint. Therefore, the orders appointing a receiver in this cause and granting an injunction are reversed. The order denying the prayer of the petition to dismiss the complaint for want of equity is reversed and the cause is remanded with directions to the court to enter an order dismissing the complaint for want of equity.

*Reversed and remanded with directions.*

O'CONNOR, P. J., and NIEMEYER, J., concur.