(No. 30615.—

R. L. FELTINTON, Appellee, *vs.* JOHN J. RUDNIK *et al.,*
Appellants.

*Opinion filed November 18, 1948.*

JOSEPH F. MIRABELLA, and PETER J. ARNE, (ODE L.
RANKIN, of counsel,) all of Chicago, for appellants.

AARON SOBLE, of Chicago, for appellee.

Mr. JUSTICE GUNN delivered the opinion of the court:

Defendants, John J. Rudnik, Frances Rudnik, Rose M.
Farrow and Yolanda Rudnik, appeal from the decree of
the circuit court of Cook County, holding a transfer of
certain real estate by John J. Rudnik and his wife to their
daughters, Yolanda Rudnik and Rose M. Farrow, was in
fraud of creditors, and that plaintiff, R. L. Feltinton, was
entitled to a lien against the property transferred in the
sum of $5613, and that if said sum was not paid within
twenty days said property should be sold to satisfy the
claim of the plaintiff, with interest and costs, and the sur-
plus, if any, paid to the defendants. The appeal has been
brought directly to this court, and the question arises
whether defendants have the right to prosecute a direct
appeal on the ground that a freehold is involved.

It has been many times held that a freehold is not
directly involved in a suit by a judgment creditor to set

aside a fraudulent conveyance made by a debtor, and to subject the land conveyed to the payment of the judgment. *Bradford Nat. Bank* v. *Floyd,* 368 Ill. 187; *LaSha* v. *Benham,* 354 Ill. 501; *Clark* v. *G. A. Ball-Bearing Mfg. Co.* 323 Ill. 579; *Coutre* v. *Ermel,* 315 Ill. 361; *Hupp* v. *Hupp,* 153 Ill. 490; *Brockway* v. *Kizer,* 215 Ill. 188; *Scanlon* v. *Beebe,* 335 Ill. 400; *First Nat. Bank* v. *Hayes,* 293 Ill. 335.

One reason for the adoption of this rule is because of the fact that although the transfer of property by the debtor may be fraudulent and void as to the creditors, it is nevertheless valid between such grantors and grantees. The rule is clearly set out in *DeMartini* v. *DeMartini,* 385 Ill. 128, as follows: "Secondly, it is well established that a transfer of property fraudulent and void as to creditors is nevertheless valid as between the parties thereto. (*Illinois Trust Co.* v. *Jones,* 351 Ill. 498; *Rosenbaum* v. *Huebner,* 277 Ill. 360.) A conveyance of this sort is void only as against creditors, and then only to the extent to which it may be necessary to deal with the conveyed estate for their satisfaction. To this extent and to this only, it is treated as if it had not been made. To every other purpose it is good. Satisfy the creditors, and the conveyance stands. (*Campbell* v. *Whitson,* 68 Ill. 240; *People ex rel. Scholes* v. *Keithley,* 225 Ill. 30; *Stierlin* v. *Teschemacher,* 91 A.L.R. 121; *Beevans* v. *Groff,* 108 A.L.R. 694.) The conveyance of March 31, 1932, by Guiseppe DeMartini to his wife, Rosa, through the intermediary, Giunta, was, as between them, perfectly valid. As against the grantor, Guiseppe DeMartini, the property thus became hers."

The case of *Mauricau* v. *Haugen,* 387 Ill. 186, is cited by appellants as holding a freehold is involved. The facts in that case are quite dissimilar to those in the instant case. In that case the title to plaintiff's real estate had by mistake or fraud been placed in the name of another, without her knowledge or consent. It first became known to her when an execution was levied upon the property so held by

the fraudulent grantee. She immediately sought to recover the title from this person and to place it in herself, hence directly involving a freehold. The fact that if she was successful it would invalidate the execution was incidental.

In the instant case the sole purpose of the proceeding is to subject property standing in the name of Rose M. Farrow and Yolanda Rudnik to execution and sale for a debt owing plaintiff, because the same was transferred to them by the judgment debtors in fraud of their creditors. The lien may be removed by the payment of the debt, and in no event does the decree transfer or convey a freehold, nor will any of the defendants necessarily lose a freehold.

For this reason we have no jurisdiction of the cause, and it is transferred to the Appellate Court for the First District.

*Cause transferred.*