Iris Stein, Appellee, v. George Bieber et al., Defendants. Howard K. Hurwith, Appellant.

Gen. No. 45,142.

Opinion filed January 23, 1951. Released for publication March 28, 1951.

HOFFMAN & DAVIS, and HARRY A. BIOSSAT, all of Chicago, for appellant.

JOSEPH A. & PHILIP E. GOLDE, of Chicago, for appellee.

MR. JUSTICE SCANLAN delivered the opinion of the court.

Iris Stein, plaintiff, filed her complaint against defendants George Bieber, Irwin Clorefene, Florence McNeilly, Howard K. Hurwith, H. William Sadler, Claire Hurwith, Arthur H. Schwartz, Gertrude P. Schwartz, Harry Strasberg, Elinor Tuchin, Stanley Strasberg, Morris R. DeWoskin, Al. Phillips, Albert Friedman, Sol Hoisman, Julius J. Schwartz as Trustee, and Lois

Cavanagh, as Trustee. On January 13, 1950, the chancellor entered a decretal order against defendants. Defendant Howard K. Hurwith, alone, appeals. He will hereinafter sometimes be referred to as appellant.

The complaint alleges, in substance, that on December 20, 1946, plaintiff and all of the defendants except Schwartz and Cavanagh, who were sued as trustees, entered into a general copartnership under the laws of Illinois to operate the Robert Richter Hotel and the Beach Colonial Hotel in Miami Beach, Florida; that plaintiff had a 25% interest in the partnership; that defendant Howard K. Hurwith, appellant, had a 5% interest, and that the fourteen other partners had interests therein from 2½% to 10%; that appellant was to be general manager of the partnership business, and defendant Julius J. Schwartz, as trustee, was to act on behalf of the partnership when required; that plaintiff contributed $60,000 for her 25% interest in the partnership; that on December 20, 1946, a lease was made by Lois Cavanagh, as trustee, for the Robert Richter Hotel for a term running to September 30, 1952, and that Lois Cavanagh, as trustee, also obtained an assignment of the lease to the Beach Colonial Hotel; that said leaseholds were extended to September 30, 1956; that appellant, as general manager, had control of all books and records relating to the partnership business and plaintiff never received any statement as to net profits or net losses at the end of each fiscal or calendar year, as required by the partnership agreement; that about March 3, 1947, the first distribution of partnership profits was made and plaintiff received $25,000, and that no statement accompanied the distribution; that plaintiff avers, upon information, that a second distribution of partnership profits was made on May 27, 1948, to all partners except plaintiff, that plaintiff's share of such distribution was $12,500, and that although she has demanded the same of appellant

and Schwartz, as trustee, they have refused to pay the same to her; that appellant sought to prevail upon plaintiff to sell to him her 25% interest in the partnership for the amount of capital originally contributed by her, but that plaintiff refused to do so, and that by reason of said refusal appellant refused to pay the second distribution of the profits to plaintiff, and his course of conduct was to compel plaintiff to sell her interest; that plaintiff's interest is the largest individual interest in the partnership; that all other partners have small interests and they are controlled by appellant, who operates the business without advice from anyone and refuses to allow any partner to examine the books or records and refuses to account to any of the partners; that appellant, as general manager, has been acting in a fiduciary capacity and as trustee for all partners and that because of his conduct plaintiff was required to employ attorneys and incur expenses, which appellant should be held personally liable for, and that because of his conduct he is not entitled to any fees for services as general manager. Plaintiff prays that defendants be required to answer; that appellant be required to pay plaintiff at once her share of the second distribution of partnership profits; that appellant set forth in his answer copies of the partnership income tax returns filed; that a full accounting be taken and that defendants be required to pay plaintiff all moneys due plaintiff and that a personal decree be entered against appellant and in favor of plaintiff for reasonable attorneys' fees, audit fees and expenses in preparing and prosecuting this suit; that Schwartz and Cavanagh, as trustees, be each directed by decree, to transfer to the partnership the two leasehold estates and all other assets belonging to the partnership, and that plaintiff have such other and further relief as may be equitable. The complaint sets up in full the partnership agreement.

The pertinent averments of the answer of defendants and the amendment thereto are: That plaintiff, in connection with the partnership agreement, acted only as a nominee and agent of Harry Lanski, her father; that she did not contribute any money or consideration whatsoever in connection with the agreement; that all moneys alleged in the complaint to have been contributed by her were in fact contributed by Harry Lanski, who contributed the sum of $60,000 out of funds and property belonging to him; that the 25% interest in the partnership held by plaintiff was placed in her name by an oral agreement between Harry Lanski and plaintiff, made prior to the signing of the agreement, that her name would be signed to the contract merely as a form, and that said Lanski would be an actual partner in said partnership adventure to the extent of 25% thereof; that all negotiations in reference to the partnership business and the said 25% capital contribution would be carried on between appellant and said Lanski; that plaintiff as the nominee of said Lanski would have no voice whatsoever in any negotiations or actions with reference to the interest represented by the 25% contribution; that said Lanski informed appellant that it was understood and agreed between him and plaintiff that said 25% interest would be placed in the name of plaintiff for the purpose of hindering, delaying and defrauding the creditors of said Lanski; that plaintiff at and before the signing of the partnership agreement knew that there were outstanding valid judgments against her father, said Lanski, and she signed said partnership agreement, *"which is the subject matter of this suit,"* with the fraudulent purpose of assisting her father in hindering, delaying and defrauding his then existing creditors; that the said agreement between plaintiff and her father was a conspiracy in violation of the statutes of this State, and the conveyance of the said

25% interest to plaintiff was a part and portion of said conspiracy and was in violation of the statutes of this State and is fraudulent and void as against the public policy of this State; that at and prior to the time of the contribution of said sum of $60,000 by said Lanski, he was, and to the present time has remained, indebted to various creditors in sums aggregating in excess of $100,000; that among such creditors are the following (naming certain alleged creditors of Lanski); that plaintiff and said Lanski shortly before the making of the partnership agreement joined together in a fraudulent plan or scheme whereunder said Lanski would contribute the sum of $60,000 to the said partnership for a 25% interest therein, and that plaintiff would represent said Lanski as his nominee and agent and take said 25% interest in her own name and would serve and act ostensibly as the owner thereof, all without contributing any money or other consideration to said partnership, and that she would hold said interest in her name for the sole use and benefit of said Lanski, so that his interest in the partnership would not appear and he would thereby conceal from his creditors the fact that he was the real owner of the 25% interest in the partnership and be enabled to avoid the payment of the claims and demands of his creditors; that plaintiff joined with Lanski and participated with him in said scheme to hinder, delay and defraud his creditors, and that she agreed that she would act in concert with said Lanski in order to perpetrate a fraud upon his creditors, and that the creditors of Lanski, whose claims aggregate more than $100,000, were defrauded, hindered and delayed by the said scheme of said Lanski and plaintiff; that the instant suit is filed and maintained by plaintiff at the direction of Lanski and for his use and benefit, and to hinder, delay, avoid and defraud his creditors; that the

589

instant proceeding would further the fraudulent plan and scheme of plaintiff and Lanski.

At the instance of the chancellor Harry Lanski was made a defendant in the case and after service of process was had upon him he filed an appearance and also a disclaimer, in which he disclaimed "any right, title or interest, beneficial or otherwise, in, to or under the partnership agreement attached to the complaint filed in this cause as an exhibit, or in or to any moneys sought to be recovered by plaintiff from the defendants or any of them, or in or to any of the assets of the partnership referred to in the complaint filed herein, and disclaims all right, title or interest in and to the subject matter of this cause."

While appellant, in his brief, states that the agreement between plaintiff and Lanski to use plaintiff's name and conceal the property of Lanski in fraud of Lanski's creditors "is tainted with fraud, so that plaintiff does not come into equity with clean hands," upon the oral argument in this court counsel for appellant stated that he did not rely upon that point. Under the facts there would certainly be no merit in the point, but in our view of this appeal the law that bears upon the subject of unclean hands has a direct bearing upon the major point now urged by appellant and, therefore, we will refer to a leading case upon the subject of unclean hands, *Mills v. Susanka,* 394 Ill. 439, where the court in passing upon that doctrine states (pp. 445, 446):

" . . . The maxim assumes the suitor asking the aid of a court of equity has himself been guilty of conduct in violation of the fundamental conceptions of equity jurisprudence, and therefore refuses him all recognition and relief with reference to the subject matter or transaction in question. (Pomeroy, 5th ed. sec. 397.) It does not, however, extend to any misconduct, however gross, which is unconnected with the

matter in litigation, and with which the opposite party has no concern. When a court of equity is appealed to for relief it will not go outside of the subject matter of the controversy and make its interference depend upon the character and conduct of the moving party, in no way affecting the equitable right which he asserts against the defendant or the relief which he demands. (Pomeroy, 5th ed. sec. 399; *Carpenters' Union v. Citizens Committee*, 333 Ill. 225; *Barnes v. Barnes*, 282 Ill. 593; *Pitzele v. Cohn*, 217 Ill. 30; *City of Chicago v. Union Stock Yards and Transit Co.*, 164 Ill. 224.

■ "In *Carpenters' Union v. Citizens Committee*, 333 Ill. 225, we said the rule that the complainant must come into equity with clean hands means he must do equity as respects the defendant's rights in the particular matter of the suit. The rule does not go so far as to prohibit a court of equity from giving its aid to a bad or faithless man or a criminal. *The dirt upon plaintiff's hands must be his bad conduct in the transaction complained of. If he is not guilty of inequitable conduct toward the defendant in that transaction his hands are as clean as the court can require.*

■ "In *City of Chicago v. Union Stock Yards and Transit Co.*, 164 Ill. 224, we held the maxim that a party must come into a court of equity with clean hands *applies only to the particular transaction under consideration, as a court will not go outside of the case for the purpose of examining the conduct of the complainant in other matters or questioning his general character for fair dealing. The wrong must have been done to the defendant himself, and must have been in regard to the matter in litigation.* The case was followed and approved in *Pitzele v. Cohn*, 217 Ill. 30." (Italics ours.)

The foregoing rules have been approved and followed in *Shadden v. Zimmerlee*, 401 Ill. 118, 128, and *Evangeloff v. Evangeloff*, 403 Ill. 118, 126.

591

Appellant contends that "the agreement between plaintiff and Lanski to use plaintiff's name and conceal the property of Lanski in fraud of Lanski's creditors and the attempt to enforce such agreement in plaintiff's name in this court, is against the public policy of this State. This agreement was, therefore, void and plaintiff acquired no interest in the partnership agreement because the transaction by which she purported to acquire title was against the public policy of this State." This contention is based upon averments in the answer. In support of this contention appellant cites Sec. 4, Chap. 59, Frauds and Perjuries, Ill. Rev. Stat. [Jones Ill. Stats. Ann. 55.04], which provides:

"Every gift, grant, conveyance, assignment or transfer of, or charge upon any estate, real or personal, or right or thing in action, or any rent or profit thereof, made with the intent to disturb, delay, hinder or defraud creditors or other persons, and every bond or other evidence of debt given, suit commenced, decree or judgment suffered, with like intent, shall be void as against such creditors, purchasers and other persons."

Appellant also cites Sec. 319 (Par. 319, Sec. 122) of the Criminal Code of this State [Jones Ill. Stats. Ann. 37.244], which provides:

"Every person who shall be a party to any fraudulent conveyance of any lands, tenements or hereditaments, goods or chattels, or any right or interest issuing out of the same, or to any bond, suit, judgment or execution, contract or conveyance had, made or contrived, with intent to deceive and defraud others, or to defeat, hinder or delay creditors or others of their just debts, damages or demands, or who, being a party as aforesaid, at any time shall wittingly and willingly put in use, avow, maintain, justify or defend the same or any of them as true, and done, had or made in good

592

faith, or upon good consideration, or shall sell, alien or assign any of the lands, tenements, hereditaments, goods, chattels or other things before mentioned, to him conveyed as aforesaid, or any part thereof, shall be fined not exceeding $1,000."

In passing upon the instant contention it must be remembered that appellant is not a creditor of Lanski, and therefore the alleged agreement between plaintiff and Lanski to use plaintiff's name and conceal the property of Lanski in fraud of Lanski's creditors did no wrong to appellant *"in regard to the matter in litigation,"* nor could his interests in the partnership agreement be adversely affected by the alleged agreement between plaintiff and Lanski. Furthermore, it is admitted that the Hotel partnership agreement was a lawful one and for a lawful purpose. This is not a criminal proceeding against Lanski or plaintiff. It is a civil proceeding *in which the rights of creditors are not involved. This is not a proceeding between plaintiff and Lanski. Plaintiff does not seek, in her complaint, to have the court assist her in enforcing an agreement against the public policy of the State.* The issue presented by the complaint is the partnership agreement and plaintiff's rights thereunder. Neither the common law, State statutes, nor the Criminal Code of this State prohibits the enforcement of the partnership agreement. Appellant, instead of meeting the issue presented by the complaint, boldly asserts *that plaintiff is entitled to no relief in the instant case* because, appellant avers, she bought her interest in the partnership agreement with moneys transferred to her by Lanski, that the transfer was made for the purpose of concealing the property of Lanski in fraud of his creditors, and therefore the transfer was void and plaintiff acquired no interest in the partnership agreement. None of these averments relate "to the subject matter or transaction" involved in the instant

litigation. Appellant seeks by his contention to deprive plaintiff of her entire interest in the partnership agreement. It is sufficient to say in answer to this argument of appellant that he is not a creditor of Lanski and no wrong has been done him *"in regard to the matter in litigation,"* and therefore, under the established rules, he has no right to interpose the instant contention.

In *DeMartini v. DeMartini*, 385 Ill. 128, the court states (p. 134):

██ "Secondly, it is well established that a transfer of property fraudulent and void as to creditors is nevertheless valid as between the parties thereto. (*Illinois State Trust Co. v. Jones*, 351 Ill. 498; *Rosenbaum v. Huebner*, 277 Ill. 360.) *A conveyance of this sort is void only as against creditors, and then only to the extent to which it may be necessary to deal with the conveyed estate for their satisfaction. To this extent and to this only, it is treated as if it had not been made. To every other purpose it is good. Satisfy the creditors, and the conveyance stands.* (*Campbell v. Whitson*, 68 Ill. 240; *People ex rel. Scholes v. Keithley*, 225 Ill. 30; *Stierlin v. Teschemacher*, 91 A. L. R. 121; *Beevans v. Groff*, 108 A. L. R. 694.)" (Italics ours.)

In *Feltinton v. Rudnik*, 401 Ill. 362, 363, the court follows and approves the rule stated in *DeMartini v. DeMartini, supra.*

██ Even the ingenuity of appellant's astute counsel cannot disguise the fraudulent purpose of appellant in raising the instant contention. As the chancellor aptly stated, if appellant could interpose the instant defense "it would be a very easy way of depriving someone of money or property and enriching themselves." It would be a serious reflection upon equity if appellant prevailed in this case. Where plaintiff obtained the funds for her interest in the partnership

agreement is immaterial in the instant proceeding. None of the cases cited by appellant in support of the instant contention applies to the facts of this case. We hold that there is no merit in the instant contention of appellant.

■ Upon motion of plaintiff the chancellor struck from the answer the averments that plaintiff was a nominee and agent for Lanski, that Lanski contributed the amount paid by plaintiff to the partnership capital, that the partnership interest in the name of plaintiff belongs to Lanski, and other averments of a like kind. The chancellor also struck the averments in the answer that plaintiff does not come into equity with clean hands or is guilty of fraudulent conduct, on the ground that such averments were insufficient in law and did not constitute a valid defense. There is no merit in appellant's contention that the chancellor erred in striking the aforesaid averments from the answer.

■ Plaintiff filed a motion "for partial determination of relief sought by entry of personal decree against Howard K. Hurwith, defendant, for amount due plaintiff and admitted received by defendant." The decree found that based on distributions made to other partners plaintiff was entitled to $12,500; that appellant had received this sum and holds said money in trust for plaintiff; that there were no averments in the answer which negative the right of plaintiff to receive said sum and said sum is due from appellant to plaintiff with interest at five per cent per annum from April 20, 1948, because of unreasonable and vexatious delay. The decree provides that plaintiff recover said amount from appellant, with interest, and that execution issue, the court reserving the right to enter further orders to enforce compliance. The chancellor was fully justified in entering the aforesaid provisions in the decree. The decree further provides that the court retains jurisdiction of the cause as to

"all other relief prayed for by plaintiff in the complaint."

Plaintiff asks us to assess against appellant statutory damages of ten per centum upon the $12,500 due to plaintiff under the partial decree entered below, upon the ground that this appeal was prosecuted for delay. The request will be denied.

The decretal order of the Superior court of Cook county entered in this cause January 13, 1950, is affirmed and the cause is remanded for further proceedings not inconsistent with this opinion.

*Decretal order affirmed and cause remanded for further proceedings not inconsistent with this opinion.*

SCHWARTZ, P. J., and FRIEND, J., concur.