WARREN BROCKWAY

*v.*

WILLIAM A. KIZER *et al.*

*Opinion filed April 17, 1905.*

1. APPEALS AND ERRORS—*when freehold is not involved.* A bill to declare a lien upon an alleged interest of the maker of a note in land the title to which is in a third party and to obtain a sale of such interest to pay the amount due complainant on the note does not involve a freehold.

2. SAME—*Supreme Court will not proceed where jurisdiction is wanting.* If no ground for taking jurisdiction of a direct appeal or writ of error is disclosed the Supreme Court will decline to proceed, although parties do not raise the question of want of jurisdiction.

WRIT OF ERROR to the Circuit Court of Edgar county; the Hon. JAMES W. CRAIG, Judge, presiding.

F. W. DUNDAS, (F. T. O'HAIR, of counsel,) for plaintiff in error.

F. C. VANSELLAR, for defendants in error.

Mr. Justice Boggs delivered the opinion of the court:

The plaintiff in error filed his bill in chancery, in which he alleged that he was the owner and holder of a past-due note given to him by one William A. Kizer; that one John O. Kizer held title to an undivided one-half of a certain tract of land in Edgar county, and that the said William A. Kizer was the real owner of an undivided one-half of said one-half so held by said John O. Kizer in said land, and prayed for a decree establishing a lien on the said alleged interest of said William A. Kizer in said land, and for an order directing a sale of such interest, and payment, out of the proceeds of the sale, of the amount found due the plaintiff in error on said note. The bill was held obnoxious to a demurrer and was dismissed, and this writ of error has been sued out to reverse the decree.

The jurisdiction to review this decree is vested in the Appellate Court,—not in this court. The parties have not raised this question, but it is our duty to decline to proceed in cases where jurisdiction to determine them is wanting. The briefs do not disclose any possible ground of jurisdiction in this court. The writ was procured to issue, no doubt, in the belief that a freehold was involved. But in that counsel are in error. A bill to set aside a conveyance as being in fraud of the rights of a creditor, or to declare premises the title to which stands in one person subject to be sold to pay the debt of another, does not involve a freehold, as this court has frequently held. *Hupp* v. *Hupp,* 153 Ill. 490; *Adamski* v. *Wieczorek,* 181 id. 361; *Pringle* v. *James,* 185 id. 274; *First Nat. Bank* v. *Vest,* 187 id. 389.

The writ of error is dismissed. *Writ dismissed.*