MARGARET GILMORE

*v.*

BERNARD W. LEE.

*Opinion filed April 18, 1907.*

APPEALS AND ERRORS—*freehold must be involved in assignments of error.* An appeal directly to the Supreme Court from a decree in a proceeding to set aside a deed and certain transfers of personal property cannot be entertained, where the assignments of error do not question the findings of the decree as respects the real estate but only those affecting the transfer of the personal property.

APPEAL from the Circuit Court of Jersey county; the Hon. JAMES A. CREIGHTON, Judge, presiding.

The original bill in this case was filed in the circuit court of Jersey county May 3, 1904, to set aside a deed and require the appellee to deliver to appellant all of the personal property procured by him from Mary J. Knapp, deceased. On January 5, 1905, appellant, by leave of court, filed a supplemental bill to contest an alleged will of said deceased which had been probated in the county court of Jersey county on October 18, 1904. The cause was heard on the original and supplemental bills, answers and replications at the September term, 1905. The circuit court of that county found that appellant was the daughter and only heir-at-law of the deceased. At the March term, 1906, the issues under the original and supplemental bills were tried before a jury and a mis-trial was had. At the September term, 1906, by agreement, the issue as to the supplemental bill was tried by the court without a jury, and decree rendered finding that the alleged will was not the last will and testament of the deceased. At the same term the issues under the original bill were tried and a finding made that appellant was the daughter and only heir-at-law of the deceased, and that confidential relations existed between the appellee and deceased at the time the deed in controversy was made and at the time he obtained possession of the personal property; that the execution of said deed by the deceased was an attempt on her part to make a gift *causa mortis* of the real estate, and said deed was therefore void, and that the title to said land became vested, at the death of deceased, in appellant, as her only heir-at-law; that the personal property in question, consisting of two notes and a certificate of deposit, were gifts *causa mortis* and valid, and vested the title to said personal property in appellee; that the real estate was worth $1600 and the personal property, consisting of notes and certificate of deposit, $1217.

It appeared from the pleadings and evidence that the deceased, at the time of making the deed and will and transfers of the personal property in question, was an old lady

of about seventy years, and while small and frail had been in fairly good health up to Thursday, April 21, 1904, when she was suddenly taken sick. Appellee, who was the priest in charge of the church which deceased attended, was sent for but did.not come until the next morning. He sent for a doctor. During that day he caused to be prepared the deed conveying the real estate to himself, and the testimony given in his behalf tends to show that the notes and certificate of deposit in question were given to him by the deceased on the same day. The will was drafted at his suggestion and signed by the deceased on the next,day, Saturday, Mrs. Knapp dying the following Tuesday, April 26. It is alleged by appellant, and there is testimony tending to uphold the contention, that all of these transactions were brought about through the undue influence of appellee over deceased.

To the final decree entered herein both parties, respectively, excepted and severally prayed appeals, which were allowed. Appellant perfected her appeal, but, so far as this record discloses, appellee failed to do so. The errors assigned by appellant only question the court's finding with reference to the transfer of the two notes, $500 and $400, respectively, and the certificate of deposit of $250. There is no assignment of error by appellant as to that part of the decree affecting the real estate.

HAMILTON & HAMILTON, and H. W. POGUE, for aplant.

THOMAS F. FERNS, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

From the foregoing statement it is evident that this court has no jurisdiction to entertain this appeal. The briefs do not disclose, and we cannot conceive, any possible ground of jurisdiction in this court. The appeal was doubtless taken on the ground that a freehold was involved.

227—9

Without doubt a freehold was involved in the original decree, but not in the points assigned for error. The appeal should have been taken to the Appellate Court, and not to this court. *Franklin* v. *Loan and Investment Co.* 152 Ill. 345; *Prouty* v. *Moss,* 188 id. 84; *Miller* v. *Kensil,* 223 id. 201; *Cheney* v. *Teese,* 113 id. 444; *Malaer* v. *Hudgens,* 130 id. 225; *Brockway* v. *Kizer,* 215 id. 188; *In re Estate of Ross,* 220 id. 142; *Hutchinson* v. *Spoehr,* 221 id. 312.

Under these authorities we can take no other course than to refuse to entertain jurisdiction and dismiss the appeal. Leave is given to withdraw the record, abstracts and briefs.

*Appeal dismissed.*