WILLIAM I. MILLER *et al.* Plaintiffs in Error, *vs.* WILLIAM C. RICH, SR., *et al.* Defendants in Error.

*Opinion filed December 17, 1907.*

APPEALS AND ERRORS—*when appeal should go to the Appellate Court although freehold is involved.* Although a freehold is involved in a proceeding to set aside a sale of land by an administrator, yet if the questions raised by the assignments of error relate only to the correctness of the decree in stating the account between the administrator and the heirs, the Appellate Court, and not the Supreme Court, has jurisdiction to review the decree in the first instance.

WRIT OF ERROR to the Circuit Court of Union county; the Hon. W. W. DUNCAN, Judge, presiding.

TAYLOR DODD, and RICHARD PEERY, for plaintiffs in error.

M. C. CRAWFORD, D. W. KARRAKER, and H. F. BUSSEY, for defendants in error.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

This was a bill in chancery filed by William I. Miller and others, as the heirs-at-law of Isaac Miller, deceased, against William C. Rich, Sr., and others, in the circuit court of Union county, to set aside an administrator's sale of three hundred and sixty acres of land to pay debts, made by William C. Rich, Sr., as the administrator of the estate of Isaac Miller, deceased, indirectly to himself, and for an accounting. A trial was had in the circuit court and the bill was there dismissed for want of equity. The Miller heirs sued out a writ of error from this court, where the decree of the circuit court was reversed (*Miller* v. *Rich*, 204 Ill. 444,) and the cause was remanded to the circuit court, with directions to that court to enter a decree setting aside said administrator's sale and to state an account between the parties. The case was re-docketed in the circuit court, and a supplemental bill was filed showing that subsequent to the reversal in this court the Miller heirs had sold and conveyed all their interest in the said lands, other than accrued rents, to their solicitors, Taylor Dodd and Richard Peery, and that Dodd and Peery had sold and conveyed said lands to Orville B. Gorin, and that Gorin was the then owner of said lands. William C. Rich filed an answer denying the sale to Dodd and Peery and by them to Gorin. The case was referred to the master, and on the coming in of his report the court found that Orville B. Gorin had acquired the title of the Miller heirs to said lands through Dodd and Peery, and that he was the then owner in fee of said lands, and stated an account between the Miller heirs and William C. Rich, Sr., and entered a decree establishing the title to the lands in Orville B. Gorin and in favor of the Miller heirs and against William C. Rich, Sr., for $546.35. The Miller

231—27

heirs being dissatisfied with the amount found to be due them from William C. Rich, Sr., they again sued out a writ of error from this court, and have assigned as error that the circuit court erred in the statement of the account between themselves and said William C. Rich, Sr., but they have made no assignment of error which in any way calls in question the decree of the circuit court so far as it affects the title to said lands, and the counsel for the plaintiffs in error, in their brief filed in this court, state that the plaintiffs in error "only complain of the errors made by the trial court in stating the account and rendering judgment for the amount found due by the court."

The defendants in error insist that this court is without jurisdiction to hear and determine the writ of error, for want of jurisdiction.

The case is brought to this court apparently on the ground that a freehold is involved. A freehold was involved in the circuit court, but it is not involved in this court upon the assignment of errors made by the plaintiffs in error. (*Cheney* v. *Teese,* 113 Ill. 444; *Prouty* v. *Moss,* 188 id. 84; *In re Estate of Ross,* 220 id. 142; *Hutchinson* v. *Spoehr,* 221 id. 312; *Gilmore* v. *Lee,* 227 id. 127.) The fact that a freehold was involved in the court below does not determine the question of jurisdiction in this court. Where a freehold is involved in the original decree but not in the questions raised by the assignment of errors this court has no jurisdiction, and the case should be taken, in the first instance, to the Appellate Court. *Hutchinson* v. *Spoehr, supra.*

This court being without jurisdiction, the clerk of this court will transmit the transcript and the files, with the order of transfer, to the clerk of the Appellate Court for the Fourth District.        *Writ of error transferred.*