(No. 26987.— ▆▆▆▆▆▆▆

WALTER W. WILLIAMS *et al.*, Appellants, *vs.* JANET G. WILLIAMS, Appellee.

*Opinion filed January 19, 1943.*

STONE & TAYLOR, for appellants.

COSTIGAN, WOLLRAB & YODER, for appellee.

Mr. JUSTICE SMITH delivered the opinion of the court:

On July 26, 1940, appellant Walter W. Williams was granted a divorce from appellee, Janet G. Williams, by the circuit court of McLean county. The divorce was granted on the ground of willful desertion. At the time of their marriage, appellee had a son by a former marriage. After the marriage, appellant Walter W. Williams legally adopted this child. In the adoption proceedings his name was changed to Arthur Williams. As the issue of the marriage, appellant Charles W. Williams was born. At the time the divorce decree was entered, Arthur was five years and Charles W. three years of age.

By the divorce decree the custody of both children was awarded to appellee. Appropriate visitorial rights were granted to appellant Walter W. Williams, by the decree. He was ordered to pay, for the care, support, education and maintenance of the two children, the sum of $450 per month, during their minority. The decree further provided that, unless otherwise ordered by the court, appellee should keep and maintain the children in McLean county, Illinois. Subsequent to the entry of the decree it was slightly modi-

fied as to the times and places of appellant's visits with the children, only. Both parties to the decree thereafter complied with its terms.

In November, 1941, C. U. Williams, the father of appellant Walter W. Williams, and paternal grandfather of Charles W. Williams, desiring to make disposition of some of his property, caused to be prepared a deed conveying to the American State Bank of Bloomington, as trustee, a valuable apartment building, located in the city of Bloomington. By the deed, as prepared, the property was to be managed by the trustee during the lives of two beneficiaries named therein. At the death of the last surviving beneficiary, the property was to go to, and vest in, Charles W. and Arthur Williams, two thirds to Charles W. and one third to Arthur. At the same time he also had prepared another deed conveying to the People's Bank of Bloomington, in trust, approximately one thousand acres of valuable land for the use of appellant Walter W. Williams, for and during his natural life, with the remainder likewise over to Charles W. and Arthur, in the same proportions. On December 19, 1941, and before these deeds were executed by the grantor, appellee filed in this cause a petition to modify the decree so as to permit her to remove the children to Washington, D. C. The grounds on which this petition was based were: that she had remarried; that her present husband was in the military service and was stationed in Washington, and that she desired to join him and make her home there. She asked for the modification of the original decree so as to permit her to remove the children from McLean county in order that they might reside with her in her new home in Washington.

From this petition, filed by appellee before the aforesaid deeds were executed by C. U. Williams, he learned of her remarriage. Upon learning of appellee's remarriage, he prepared a new deed covering the apartment property. This deed was similar to the deed theretofore prepared by

him, but not executed, covering the same property, with the exception that he caused to be inserted therein, as a condition precedent to the vesting of the title or any interest in the property in Charles W. Williams, a provision that his custody and control should be committed to his father, Walter W. Williams, within six months from the date of that deed, by a final decree of the circuit court of McLean county. He further provided in the deed that if, for any reason, the custody of Charles W. Williams was not awarded to his father by a final decree of the circuit court of McLean county, all the provisions contained in the deed for the benefit of Charles W. Williams should be void and of no effect. In that event, he provided that on the death of the last surviving life beneficiary, named in the deed, the property should go to charity. This deed was duly executed and delivered. Neither the original deed prepared, conveying the apartment building, nor the deed conveying the land was ever executed. No hearing was ever had on the petition of appellee to modify the decree.

On January 27, 1942, appellant Walter W. Williams, also filed a petition in the cause in which he asked for a modification of the divorce decree so as to give him the custody of both of the children, Charles W. and Arthur Williams. One of the reasons set forth in this petition for the modification of the decree was the execution of said deed by the grandfather, C. U. Williams, and the condition upon which the interest was conveyed to Charles W. by the deed. The execution and delivery of this deed was averred and the condition contained therein was set out at length in the petition. No question was raised by this petition, or on the hearing, as to appellee being a fit and proper person to have the custody of the children. Upon the hearing the court refused to modify the decree as to the custody of the children. It did, however, modify the decree in minor respects, as to the amounts to be paid by appellant Walter W. Williams, for the support of the children.

This modification was based on the changed conditions brought about by appellee's remarriage. From the order refusing to modify the decree as to the custody of the children, and allowing attorneys' fees for the attorneys representing appellee, appellant Walter W. Williams, perfected this appeal. The appeal was taken by him in his own right and as next friend of his minor son, Charles W. Williams, who, it is alleged, is entitled to appeal as a person not a party to the record, under section 81 of the Civil Practice Act. Ill. Rev. Stat. 1941, chap. 110, par. 205.

At the threshold of the case we are met with the question of jurisdiction. The jurisdiction of this court is invoked by direct appeal on the alleged ground that a freehold is involved. This is, indeed, a unique contention. Stated more in detail, the contention is that a valuable future interest in real estate was conveyed by the deed of C. U. Williams to Charles W. Williams; that this conveyance was upon the condition that the custody of Charles W. Williams be awarded to appellant Walter W. Williams, by the circuit court of McLean county, within six months from the date of the deed. From this premise it is argued that unless such a decree is entered, and the custody of Charles W. Williams awarded to his father, this condition will fail and the interest will be defeated; that as a result of the failure of the condition, Charles W. Williams will lose a freehold. Whereas, it is argued, that if the order of the circuit court of McLean county is reversed by this court, and a decree entered by that court, under the direction of this court, awarding the custody of the minor child to appellant Walter W. Williams, the condition precedent to the vesting of the estate will be complied with and operate to vest the freehold in Charles W. Williams, under the deed.

It may be observed in passing that neither appellant Walter W. Williams nor appellee, who are the only parties to the record, have or claim any interest in this freehold. Nor could they, under any circumstances, claim any interest therein, under the deed. It is equally obvious that neither

the circuit court of McLean county nor this court could, in this case, make any order or take any action which could, in any way, possibly affect the title to the real estate. The title to this real estate is in nowise involved in this case.

Although neither party has questioned our jurisdiction, it is necessary that we do so of our own motion. Neither the consent of the parties nor their desire to have this court pass on the cause can confer jurisdiction if we do not have jurisdiction under the constitution and statute. *Wencpal v. Kizas,* 374 Ill. 333; *Prudential Ins. Co. v. Hoge,* 359 id. 36.

A freehold is involved where either the necessary result of the judgment is that one party gains and the other loses a freehold estate, or where the title to a freehold is so put in issue, by the pleadings, that the determination of the case necessarily involves a decision with respect to the ownership of the real estate in question. *United Electric Coal Companies v. Keefer Coal Co.* 338 Ill. 288; *Lederer v. Rosenston,* 329 id. 89; *Burroughs v. Kotz,* 226 id. 40.

It will be observed that this familiar rule consists of two independent and separable parts. Of these, the latter is that a freehold is involved within the meaning of the constitutional and statutory provisions where the title to a freehold is so put in issue by the pleadings that the decision of the case necessarily involves a decision of such issue, although the judgment or decree does not result in one party gaining or the other losing the estate. *(Ashton v. Macqueen,* 361 Ill. 132; *Kagy v. Luke,* 357 id. 512; *Long v. Wilson Stove and Mfg. Co.* 354 id. 465.) A freehold must be directly involved, and not merely collaterally or incidentally, to give this court jurisdiction on direct appeal. *(Burroughs v. Kotz, supra.)* Where the title to the real estate is in no sense involved in the pleadings, or in any issue in the case, the case does not and cannot involve a decision of any such issue. The decree entered in this case does not, and no decree which the court might enter could possibly, affect the freehold estate under the deed. The

freehold is not even contingently or remotely involved. By the deed of C. U. Williams he made a condition precedent to any interest in the property vesting in Charles W. Williams, that a certain decree be entered by the circuit court of McLean county. He could not, by any condition inserted in his deed, project the freehold title to the property therein described into this case and thereby create an issue involving such title. The condition in his deed was in the nature of a wager as to the character of a future decree which might be entered by the circuit court of McLean county. He was willing to, and, if the condition is valid, did, gamble the interest which he desired to convey to his grandson of tender years on the future action of the court in a case to which neither were parties and in which the grantor had no interest.

The contention that this case involves a freehold is without any basis whatever. It might be as logically argued that an ordinary action at law, as in assumpsit, involved a freehold, because an execution might issue on any judgment entered, under which the real estate of the defendant could be sold, and thereby he would lose a freehold. This would be no less uncertain or contingent than the effort to project a freehold into this case.

Clearly no freehold is or can be involved. It is simply a petition to modify a divorce decree with reference to the custody of the children and the amount to be paid for their support. Any gratuities extended to either of those children by a third party, conditioned upon the result of the future decision of the court below, on the petition to modify the decree, cannot bring into the case any question of title or freehold interest which would give this court jurisdiction on direct appeal.

This court being wholly lacking in jurisdiction, the cause is transferred to the Appellate Court for the Third District.

*Cause transferred.*