(No. 30768.—

ANTHONY KURZAWSKI *et al.*, Appellants, *vs.* ADELA MA-LAGA *et al.*, Appellees.

*Opinion filed January 19, 1949.*

208

Cloyes & Cavender, of Chicago, for appellants.

John J. Maciejewski, of Chicago, for appellees.

Mr. Justice Daily delivered the opinion of the court:

Anthony Kurzawski and Helen Boldega, appellants herein, filed a complaint on January 29, 1948, in the superior court of Cook County naming their seven brothers and sisters, together with their various spouses, parties defendant. The complaint alleged that their father Ignac Kurzawski, then deceased, had been the owner of two lots in the city of Chicago, upon each of which was a residence; that on July 4, 1945, the father conveyed said lots to Adela Malaga and Florence Wlodarski, two of the defendants, as trustees under a trust agreement, the terms of which were unknown to plaintiffs at the time of filing the complaint, except they believed that it provided for a sale of said property after the father's death, and for a division of the pro-

ceeds of the sale among his nine children; that on July 27, 1947, two deeds were recorded in the recorder's office of Cook County, wherein one lot was conveyed by the two trustees to Adela and her husband and the other lot to Florence and her husband; that the plaintiffs had received no consideration from the sales; that the consideration actually received by the trustees was inadequate in amount, and that the grantees were not innocent purchasers of the property. Plaintiffs further alleged in their complaint that they are entitled to a partition of the property and each entitled to one-ninth thereof, or, in the event of a sale, to an equal division of the proceeds; and that, in the event that the two trustees were or are authorized to sell and divide the proceeds of the sale, the latter be required to comply with the trust agreement and sell the property for its fair market value and pay to plaintiffs what is equitably due and owing to them.

The defendants filed their answers to the complaint and the cause was heard by the chancellor, who, at the conclusion of the evidence, found the issues for the defendants and dismissed the complaint for want of equity. This appeal is from the decree entered in accordance with his findings.

The deed from the father to his two daughters as trustees is not attacked in any way. The trust agreement, executed at the same time as the deed, provided "that the trustees are the sole owners of the said real estate so far as the public is concerned; that the trustees will deal with it only when authorized so to do on the written request and direction of Ignac Kurzawski during his natural life and after his death upon the written direction of five of the said children above named." The deeds by the trustees to themselves and their husbands were made after what the trustees claim were written consents thereto executed by five of the children; the five being the two named trustees and three others. The grantees named in the deeds were the occu-

pants of the respective properties deeded to them both before and after the death of the father. Appellants concede that the consideration paid by Adela for her lot was near its real value, but they contend that the lot sold to Florence for $9000 was in fact worth $11,000 and that appellant Anthony had offered that amount for it at a family conference held before it was conveyed to Florence. In his testimony before the court Anthony said that if Florence had paid the amount of his offer, he would have let her have it. This inadequacy of the purchase price in the sale of the one lot seems to us to have been the principal subject of controversy in the trial court. The legal questions in the record, as to proper proof of the existence of a missing written consent signed by five of the children, the right of the two trustees to be two of the five signers of the consent and to be purchasers from themselves as trustees, are all advanced by appellants to give support to their claim for the additional monetary relief.

There was also presented to the trial court a question relative to a transaction occurring subsequent to the delivery of the two deeds. When the money was paid by the two daughters as grantees it was delivered by them to a woman real-estate agent who had an office in the neighborhood of the property. This agent was delegated to figure the taxes and costs of the transfers, and, after deducting those items, pay to each beneficiary, his or her one-ninth share of the proceeds. The seven children named as defendants accepted their several checks from the real-estate agent under such arrangement, but the two appellants never took their shares. There is a serious question whether the trustees notified appellants that the money was there waiting for them. Anthony says he did not know of it, but one of his brothers testified that he told Anthony to go to the office and get his check. The proof shows that appellant Helen did know that the money was at the real-estate office, for it appears that she tried to get one of her other brothers

to refuse to accept his check. Both of appellants contended then, and do contend now, that the amount coming to each from such sales was insufficient, as heretofore set forth. Some time after the seven had received their money, the real estate agent absconded and was not heard from thereafter and no trace of the funds held for the two appellants was found in her office or effects. This loss of the money presented an additional issue for the trial court to decide as to what persons should bear the loss. The chancellor found that the distributive shares of the appellants were duly tendered to them, and the result of his dismissal of the bill for want of equity is that appellants receive nothing.

Before considering the rights of the appellants herein and the legality and effect of the acts of the trustees under their father's deed and the trust agreement, we must first determine whether this court has jurisdiction of this direct appeal. None of the parties have raised this question, but it is our duty to decline to proceed in a cause where juristion to determine is wanting. (*Bennett* v. *Bennett,* 318 Ill. 193; *Stoddard* v. *Illinois Improvement and Ballast Co.* 271 Ill. 98; *Brockway* v. *Kizer,* 215 Ill. 188.) A freehold is involved in a case where the necessary result of the judgment or decree is that one party gains and the other loses a freehold, or where the title to the freehold is so put in issue by the pleadings that the decision of the case necessarily involves a determination of that issue. (*Neill* v. *Kimball,* 387 Ill. 58; *Williams* v. *Williams,* 381 Ill. 507; *Taylor* v. *Taylor,* 223 Ill. 423; *Nevitt* v. *Woodburn,* 175 Ill. 376.) Where the litigation in a certain contingency may result in the loss of a freehold but does not necessarily have that result, a freehold is not involved. (*Wylie* v. *O'Connor,* 363 Ill. 615; *Dunlap* v. *Myers,* 325 Ill. 398; *Burroughs* v. *Kotz,* 226 Ill. 40.) The freehold must be directly and not collaterally, contingently or incidentally involved. (*Cohen* v. *Oguss,* 384 Ill. 353.) Where a defendant may prevent the disturbance of his title by making

payment or doing some act to arrest a sale, a freehold is not involved. (*Christie* v. *Brouillette,* 350 Ill. 60; *Scanlon* v. *Beebe,* 335 Ill. 400; *Becker* v. *Fink,* 273 Ill. 560.) Where the right to do certain things which in equity would entitle the party to a freehold might or might not be exercised, or where the conveyance in question depends upon subsequent acts which might not be required or performed, a freehold is not involved. (*Wylie* v. *O'Connor,* 363 Ill. 615; *Duncanson* v. *Lill,* 322 Ill. 528.) If the gain or loss of a freehold is dependent upon the subsequent act or inaction of a named defendant, and complete satisfaction of a decree ordering conveyance of real estate can, by its terms, be effected by payment of money within a time designated, a freehold is not involved so as to give this court jurisdiction. *Hachadourian* v. *Bogosian,* 393 Ill. 135.

The complaint in this case prays for partition of the premises but does not in any manner attack the deed from the father to his two daughters as trustees. The deed gave the two trustees title to the premises as trustees, and the trust agreement gave them the right to sell the same upon written authority from five of the children. The only interest the appellants could have would be in getting a correct distributive share from such sale. Their claims in argument are that the trustees had no right to sell to themselves; that they could not constitute two of the signers of the consent, where but five had signed; and that the sale in one instance was for less than the true value of the property and less than the amount that one of the appellants had offered for the same. It will be seen that appellants were not asking that the deeds from the trustees to themselves and their husbands be cancelled and set aside and there is nothing in the complaint praying for that specific relief. The decree herein dismissed the bill for want of equity, but if it had ordered the deeds executed by the trustees to be cancelled, it could have done nothing more than put the title back in the trustees. The appellants would not

have gained a freehold to themselves under any circumstances even if the chancellor had adopted their contentions as to the effect of the conveyances.

The other contention made by the appellants, that they should not bear the loss of the money constituting their share of the sales as made, for the reason that they had nothing to do with choosing the escrow agent who later absconded with the money, clearly bears no relation to the title to real estate.

We find that the only assignments of error presented to this court which relate to the real estate in any way are based on the contention that the trial court should have held the deeds from the trustees voidable and of no force and effect as to the appellants. A freehold must be involved in the question to be determined on appeal in order to give this court jurisdiction on that ground. (*Schrader* v. *Schrader*, 357 Ill. 623.) Where it is not involved in the questions raised by the assignments of error, this court has no jurisdiction and the case should be taken in the first instance to the Appellate Court. (*Miller* v. *Rich*, 231 Ill. 416; *Gilmore* v. *Lee*, 227 Ill. 127; *Hutchinson* v. *Spoehr*, 221 Ill. 312.) The assignments of error here do not complain that the trial court erred in failing to set aside certain deeds or in failing to decree that appellants, or any persons, were entitled to an interest in real estate. Appellants merely urge that the deeds complained of be held voidable as to them. "Voidable" is defined as meaning "not absolutely void but that the thing involved may be avoided." Such assignment of error is based, not on any right in the title to the premises claimed by appellants, but rather on their contention that the consideration paid for the premises was inadequate, and on their interpretation of the provisions of the trust agreement relating to the consent necessary to empower the trustees to make a sale. A reversal of the decree could only result in a finding that appellants were entitled to a beneficial interest of one ninth each of the true value of the

trust property, made personal property by the terms of the trust agreement. "A freehold is not involved where it appears the title to all the real estate in question is vested in another, under a trust agreement, as a successful appeal by the appellant would not take the title away from the trustee, as that would, of necessity, depend upon the terms of the trust." *Davis* v. *Oliver,* 371 Ill. 287.

The errors relied upon for reversal do not present the question of a freehold in this court. The cause is therefore transferred to the Appellate Court for the First District.

*Cause transferred.*