(No. 31892.)
CHURCH OF GOD OF DECATUR, ILLINOIS, *et al.,* Appellees, *vs.* W. G. FINNEY *et al.,* Appellants.

*Opinion filed May 24, 1951.*

FRANCIS R. WILEY, CHARLES I. DERR, and J. G. ALLEN, all of Decatur, for appellants.

JAMES S. BALDWIN, and JOHN W. EVANS, both of Decatur, for appellees.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

The plaintiffs, the Church of God of Decatur, Illinois, a religious corporation, Vernon Spaar, Orville Spencer, and Willard Hake, as trustees, and, individually, as members of the church, and seven other members of the congregation brought an action in the circuit court of Macon County to enjoin the defendants W. G. Finney and Mae Finney, the pastor and associate pastor of the church, from serving as pastors, controlling church property and participating in the business and affairs of the congregation and to restrain them and their codefendants, I. W. Gibson, Marie Gibson and fourteen other members of the congregation, from interfering with trustees Spaar, Spencer and Hake in the possession, management, and control of church property. A temporary injunction was issued granting the relief requested. Thereafter, defendants answered, and the cause was referred to a master in chancery. The master held extensive hearings, found the issues for plaintiffs, and recommended a decree accordingly. The chancellor confirmed the report of the master and entered a decree making the temporary injunction permanent. Defendants prosecute a direct appeal upon the theory that a freehold is necessarily involved.

The first question requiring consideration is the jurisdiction of this court to entertain the appeal. In order for this court to exercise direct appellate jurisdiction upon the ground a freehold is involved, a freehold must be directly

and not collaterally, contingently, or incidentally involved. (*Clark* v. *Lindsay Light & Chemical Co.* 405 Ill. 139; *Kurzawski* v. *Malaga,* 402 Ill. 207.) More specifically, a freehold is not involved so as to confer jurisdiction upon direct appeal unless the necessary result of the judgment or decree is that one party gains and the other loses a freehold estate, or the title to a freehold estate is so put in issue by the pleadings that a decision of the case necessarily involves a determination of this issue, even though the judgment or decree does not result in one party gaining, and the other losing, a freehold estate. *Kramer* v. *Ginger,* 405 Ill. 17; *Stein* v. *East Oak Street Hotel Co.* 400 Ill. 267; *Williams* v. *Williams,* 381 Ill. 507; *Ashton* v. *Macqueen,* 361 Ill. 132.

The decree appealed from, enjoining W. G. Finney and certain other defendants from acting or attempting to act as pastors of the church and restraining all defendants from interfering with plaintiff trustees in the possession, management and control of the property of the church did not result in any party either gaining or losing a freehold estate. The chancellor did, however, find that the title to the real estate occupied by the church building was in the Church of God of Decatur and, further, that the title was involved in the proceeding. It thus becomes necessary to examine the pleadings to ascertain whether the title to this real estate was so put in issue that a decision as to the ownership of the property was necessary to the disposition of the cause.

The gist of the complaint is that the bylaws of the Church of God of Decatur, a local church of the Church of God, which has national offices at Anderson, Indiana, provide that the doctrines and practices of the church are to be in harmony with the standard of God's Word held by the General Ministerial Assembly of the Church of God; that, in November, 1949, the Illinois State Ministerial Assembly disfellowshipped W. G. Finney; that, under the

customs of the Illinois State Ministerial Assembly, a church having a minister who is not in good standing is out of fellowship with the General Ministerial Assembly; that, thereafter, W. G. Finney continued to act as pastor and, with the other defendants, organized a congregation not in fellowship and doctrinal unity with the General Ministerial Assembly, and that defendants have denied the individual plaintiffs and other members of the congregation similarly situated the right to worship in the church building in accordance with the usages of the Church of God and the right to have a minister in fellowship with the General Ministerial Assembly.

The only allegations relative to real property are that the church building occupies two adjoining lots, hereafter referred to as lots 1 and 2; that, in 1935, lot 1 had been conveyed to Spaar and others, as trustees of the church, to have and to hold so long as the local church maintained fellowship and doctrinal unity with the General Ministerial Assembly; that the same deed further recites that, if the property falls into disuse or, if, in the opinion of the General Ministerial Assembly, the local church is no longer in unity with the Church of God, as represented by the General Ministerial Assembly, the property shall vest in fee simple in the Board of Church Extension and Home Missions of the Church of God, Anderson, Indiana; that, in 1940, lot 2 was conveyed to the church, itself, by warranty deed containing the same conditions and limitations, and that the acts of defendants have jeopardized the title of the local church.

Defendants, by their answer, denied that the original bylaws were still in force and that Spaar, Spencer and Hake were still trustees of the church and averred that the Illinois State Ministerial Assembly had no authority to disfellowship W. G. Finney; and, in December, 1949, the original bylaws were revoked and the plaintiff trustees removed from office; that the new bylaws omitted all refer-

ence to the standard of God's Word held by the General Ministerial Assembly, and that nine named defendants, elected as trustees in accordance with the new bylaws, were the only lawful trustees of the church. As to the real property, defendants averred that lot 1 had been unconditionally conveyed to the church in 1925; that the trustees had no authority to convey this property to themselves, as trustees, in 1935, subject to the conditions set forth in the complaint; that the conditions appearing in the deed conveying lot 2 to the church were placed there without the knowledge or consent of the church; that, in any event, the restrictions in the deeds are void for remoteness and uncertainty, and that, since the church owns both lots free and clear of all conditions, their acts, as members of the only lawful congregation of the church, have not jeopardized the title of the church.

Replying to the answer, plaintiffs denied that W. G. Finney had been disfellowshipped without lawful authority; that the bylaws had been amended; that certain defendants were the duly elected trustees of the church; that the acts of plaintiff trustees with respect to lots 1 and 2 were unauthorized, and that the church holds title to the real estate free of the conditions in the deeds. Defendants concluded the pleadings by filing an answer to the reply negating certain affirmative allegations interspersed with the denials in the reply.

The principal questions raised by the pleadings were the validity of the revocation of the original bylaws requiring doctrinal unity with the General Ministerial Assembly, the authority of the Illinois State Ministerial Assembly to disfellowship W. G. Finney, and whether the plaintiff trustees had been lawfully removed from office. Findings for plaintiffs on all these issues resulted in the decree entered. The only issue made with respect to a freehold estate was whether the title to lot 1 was in the church, itself, under the original deed to the church, executed in 1925, or in the

trustees, under the conditional deed from the church to the trustees executed in 1935. It is clear that a determination of this issue was not necessary to the disposition of the cause. The Board of Church Extension and Home Missions was not a party to the action and had taken no steps to acquire the title to the two lots involved under the conditions in the deeds. Although the chancellor found that title to both lots was in the plaintiff church corporation, a finding that title to lot 1 was in the trustees of the church would not have resulted in any difference, material or otherwise, in the decree entered. As to the real property involved, the ultimate question presented by the pleadings was whether the old trustees or the new trustees were entitled to the possession and control of the church building. Since the title to the building and land occupied by the church was either in the church or the trustees of the church, the determination of the issue of the right to possession and control depended not on the ownership of the property but rather upon whether the old trustees or the new trustees were the lawful trustees of the church.

Defendants also averred that the conditions in the 1935 deed to lot 1 and the similar provisions in the deed to lot 2 were void because they were unauthorized and, in addition, too remote and uncertain. With respect to these pleadings, the chancellor found that the validity of the conditions of the deeds was not germane to the proceeding. Regardless of the correctness of this finding, it is clear from the fact that the Board of Church Extension and Home Missions is not a party to this action that a determination of the validity of the challenged conditions would not affect the ownership of the real estate involved.

The decree for a permanent injunction did not result in one party gaining, and the other party losing, a freehold estate. Moreover, although the ownership of part of the property occupied by the church was raised by the pleadings, the question was limited as to whether title was in

the church or the trustees of the church, and, consequently, a determination of the title to lot 1 was not necessary to a decision on the paramount issue as to which group of trustees was entitled to the possession and control of the church building. Although the title to a freehold estate was put in issue by the pleadings, it was only incidentally or collaterally involved. Under familiar principles, a freehold must be directly and not incidentally or contingently involved in order to establish the direct appellate jurisdiction of this court upon the ground that a freehold is involved. *Kurzawski* v. *Malaga,* 402 Ill. 207; *Williams* v. *Williams,* 381 Ill. 507.

The cause is transferred to the Appellate Court for the Third District.

*Cause transferred.*